```
               UNITED STATES DISTRICT COURT

               MIDDLE DISTRICT OF LOUISIANA


SHERRE DAWN ELLENDER

VERSUS                                  CIVIL ACTION

GLORIA SIMS, ET AL                      NUMBER 07-205-JJB-SCR
```

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 17, 2008.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SHERRE DAWN ELLENDER

VERSUS                                            CIVIL ACTION

GLORIA SIMS, ET AL                                NUMBER 07-205-JJB-SCR


MAGISTRATE JUDGE'S REPORT

Before the court is Defendants', Gloria Sims, Clinton Manner Apartments, and CMA Limited Partnership, Motion to Dismiss Under Rule 12(b)(5) and Rule 12(b)(6).[1]  Record document numbers 12 and 23.  The motion is opposed.[2]

Pro se plaintiff Sherre Dawn Ellender brought this action pursuant to the federal Fair Housing Act (hereinafter, FHA), 42 U.S.C. § 3601, et seq., and parallel state law.  Plaintiff alleged that she was the victim of discriminatory housing practices.  Specifically, the plaintiff alleged that the defendants refused to rent an apartment to her in August 2006.

Defendants moved for summary judgment relying on the affidavit of Gloria Sims and the Louisiana Department of Justice

---

[1] On July 26, 2007, the defendants' Motion to Dismiss Under Rule 12 (b)(5) and Rule 12(b)(6) was converted to a motion for summary judgment.  Record document number 20.

[2] Record document numbers 15, 18 and 28.  Defendants filed a reply to the plaintiff's opposition memorandum.  Record document number 16.

(hereinafter, LDOJ) Determination of No Reasonable Cause issued on February 8, 2007.[3]

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Plaintiff alleged that defendants discriminated against her based on her handicap.  Specifically, the plaintiff alleged that her application to rent an apartment unit at the Clinton Manor Apartments was denied because she is mentally ill.

The FHA prohibits discrimination in housing based on race, color, religion, sex, handicap, familial status or national origin. 42 U.S.C. §§ 3604, 3605.

The summary judgment evidence showed that Sims has been the manager of the Clinton Manor Apartments since 1999.[4]  Between May 1 and November 4, 2004, the plaintiff was a tenant at Clinton Manor Apartments.[5]  In August 2006 the plaintiff requested and was given a resident application form from Sims.[6]  Plaintiff submitted an

---

[3] Record document number 1, Complaint, attachment 9.

[4] Record document number 23, defendants' response to court order, Exhibit 1.

[5] *Id.*

[6] *Id.*

incomplete application and failed to pay the application fee.[7] When Sims advised the plaintiff regarding the deficiencies in the application, the plaintiff took the application and left the premises.[8]

On January 19, 2007, the plaintiff filed a housing discrimination complaint with the Department of Housing and Urban Development.[9] The complaint was referred to the LDOJ, which conducted an investigation.[10] In her complaint, the plaintiff stated that she submitted an application which was denied on the basis of her disability.[11] The LDOJ determined that there was no reasonable cause to believe that a discriminatory housing practice had occurred.[12]

Plaintiff conceded in her opposition to the defendants' motion that she did not submit a completed application as previously alleged. Plaintiff argued that she believed it would have been futile to submit the application because Sims led her to believe that her application for housing would be denied.

The summary judgment evidence supports a finding that the

---

[7] *Id.*

[8] *Id.*

[9] Record document number 1, attachment 9.

[10] *Id.*

[11] *Id.*

[12] *Id.*

3

plaintiff never submitted a completed application form. This conclusion is confirmed by the January 2007 conversation between the plaintiff and defendant Sims.[13] None of the defendants refused to rent an apartment to the plaintiff because she is, or they believed her to be, mentally ill. Plaintiff was not the victim of discrimination by any defendant. Defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed.

Baton Rouge, Louisiana, January 17, 2008.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[13] Record document number 3, Exhibit to Complaint. The conversation was recorded by the plaintiff.

4